In the Matter of the Application of the PEOPLE OF THE STATE
OF NEW YORK, by JESSE S. PHILLIPS, Superintendent of
Insurance, for an Order to Take Possession of the Property
and Liquidate the Business of the CASUALTY COMPANY OF
AMERICA.

In the Matter of the Claim of the UNITED STATES OF AMERICA,
Surety Claim No. 633, Appellant.

JESSE S. PHILLIPS, Superintendent of Insurance, Respondent.

First Department, April 8, 1921.

**United States — insolvency — claim of United States government on
recognizance bond entitled to priority though not matured at
insolvency of surety.**

A claim of the United States government upon a recognizance for the appear-
ance of the defendant for trial in a criminal prosecution in the Federal
court which matured after the surety became insolvent, is entitled to
priority in payment out of the assets of the surety under section 3466
of the United States Revised Statutes, where the claim matured prior
to the actual distribution of the insolvent's property.

APPEAL by the United States of America from an order
of the Supreme Court, made at the New York Special Term
and entered in the office of the clerk of the county of New York
on the 9th day of June, 1920, adjudging that the claim of
the United States, designated as surety claim No. 633, be
disallowed without prejudice to said claimant's right to share
in the surplus, if any, after payment of the liabilities existing
and matured at the date of the entry of said order of liqui-
dation, and without prejudice to its rights to pursue said
corporation if it should resume business.

*John M. Ryan, Assistant United States Attorney*, of counsel
[*Earl B. Barnes* and *Theodor Megaarden, Assistant United
States Attorneys*, with him on the brief; *Francis G. Caffey,
United States Attorney for the Southern District of New York*],
for the appellant.

*Albert Reese* of counsel [*Clarence C. Fowler*, attorney], for the
respondent Superintendent of Insurance.

SMITH, J.:

The claim of the government is upon a recognizance for the appearance of a defendant for trial in a criminal prosecution in the Federal court. The defendant did not appear. Before the failure of defendant in the criminal prosecution to appear, however, the casualty company became insolvent and the Superintendent of Insurance of the State of New York became liquidator of said company. The claim of the government is, *first*, that the claim had matured at the date of the commencement of the liquidation proceedings. *Second*, whether matured or not, nevertheless, under section 3466 of the Revised Statutes of the United States, the government is entitled to a preference over all creditors of said company. The Special Term held that the claim had not matured at the date of insolvency and that the government did not have preference over the matured claims at the time of the commencement of the liquidation proceedings. If there were sufficient assets to pay all of those matured claims, the government was adjudged to have preference over other contingent claims.

The contention of the government specifically is that this is a debt owing to the government upon a recognizance, which is a debt of record imputing absolute verity. The surety acknowledges itself indebted in a certain sum, and then provides for a method by which that indebtedness can be avoided. *First.* Whether or not the effect of this recognizance is to be determined by the common law or by the Revised Statutes of this State is not free from doubt. Under the Revised Statutes a recognizance is given the effect of any other "evidences of debt." Chapter 315 of the Laws of 1844 refers simply to the police department of the city of New York and is applicable as I read it only to the administration of the criminal law of that city. Such a claim would still seem to be a contingent claim as it was not even under the common law enforcible, except upon a contingency which did not happen, until after the insolvency of the casualty company. This holding, however, is not here necessary in the view I take of the rights of the government under section 3466 of the United States Revised Statutes. *Second.* The United States Revised Statutes, by section 3466 (2 Fed. Stat. Ann. [2d ed.] 216, § 3466), gives priority in all cases of insolvency to any obligations

due to the United States. That statute has been interpreted by the United States Supreme Court as giving priority even where claims had not matured under the rule adopted by our State. (See *United States* v. *Fisher,* 6 U. S. [2 Cranch] 358; *United States* v. *State Bank of N. C.,* 31 U. S. [6 Pet.] 29; *Field* v. *United States,* 34 U. S. [9 Pet.] 182.) The right of the United States government to preference cannot be defeated by any State statute, nor by any rule adopted by the State court. (*Field* v. *United States,* 34 U. S. [9 Pet.] 182.)

Until, therefore, the United States courts or Congress shall establish the rule as held by our State courts and the Legislature as to claims which have matured at the commencement of proceedings for determining the insolvency of the debtor, this court should, I think, give priority as to all claims of the United States government which have matured prior to the actual distribution of the insolvent's property.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the claim of the United States be allowed as a preferred claim upon distribution.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and claim of the United States allowed as a preferred claim upon distribution.