George Tilzer, J.
The plaintiff moves to dismiss the answer, pursuant to subdivision 3 of section 59-a of the Insurance Law, or, in the alternative, to compel defendants to deposit security pursuant to said statute. This action is for the return of premiums on policies placed with the defendants, all of which are alien insurance companies not authorized to do business within the State. The action was commenced by service of a summons by publication, after issue of a warrant of attachment and levy by the Sheriff on a bank account.
Section 59-a of the Insurance Law is the New York State version of a Uniform Unauthorized Insurers Service of Process Act proposed by the National Association of Insurance Companies in 1948. The intent of this legislation was to subject *752 unauthorized alien insurers to jurisdiction of courts of the enacting States (1 Richards, Law of Insurance [5th ed.], p. 263).
“ Section 3 of the model Act describes specifically the necessary procedural steps for an unauthorized insurer in order to defend a suit in which service has been made under this Act.” (1 Richards, op. cit., p. 265; emphasis supplied.) Subdivision 3 of section 59-a is the enactment in this State of the aforesaid section 3 of the model act. It is noted also that it was anticipated that other methods of acquiring jurisdiction would be available to plaintiffs against unauthorized insurers. (Insurance Law, § 59-a, subd. 2, par. [e].) Therefore, the plaintiff having elected to acquire jurisdiction in a different manner than that allowed by this statute (§ 59-a, subd. 2, pars, [b], [c], [d]) and the service not having been under it, the obligation of defendants to secure the plaintiff before pleading does not apply in this action. The Joint Legislative Committee on Insurance Rates and Regulations stated this status provides for substituted service of process on unauthorized insurers. “ Before an unauthorized insurer may come into the State to defend the action ’ ’ it must secure the plaintiff or become authorized (New York State Legislative Annual, 1949, p. 252). The indication is plain that the defendants’ obligation arises only when there is service under this statute. Further, the said legislative committee showed that under this statute a New York resident will be able to institute suit against an unadmitted insurer; if the insurer defends and is unsuccessful, the security or bond will be available to satisfy the judgment, and if he does not defend the New York plaintiff will be able to sue on the judgment procured here. Under the circumstances of this case presently before us, the relief afforded the plaintiff by this law is unnecessary, jurisdiction has been acquired and the warrant of attachment and levy provides adequate protection.
Accordingly, the motion is denied.
Defendants’ cross motion to preclude is likewise denied, as premature. After the determination of the motion pending before this court to strike an item from the demand, if the bill is not expeditiously served, the motion may be renewed.