OPINION OF THE COURT
Alan L. Lebowitz, J.
Defendant moves for an order pursuant to CPLR 3211 (a) (5) and (8) dismissing the complaints of the plaintiff in three unconsolidated actions (action No. 1 — index No. 23596/87; action No. 2 — index No. 23591/87; action No. 3 — index No. 23595/87), upon the ground that the court lacks jurisdiction over the person of the defendant, and further that the claims alleged in the respective complaints are barred by a contractual limitations period set forth in the insurance policies issued by defendant.
The pertinent facts are that plaintiff is a podiatric group which provided services to patients who assigned their health insurance benefits to plaintiff as payment. Plaintiff commenced these three actions against the insurers predicated upon the assignments. Each patient/insured/assignor is now and was a resident of the State of New York at the time plaintiffs services were performed and each was employed by companies who had offices located in New York. Defendant is an Indiana corporation not licensed to do business in the State of New York.
Defendant contends that the court lacks jurisdiction over *864 the person of the defendant in that it is a foreign corporation that does not do business in the State of New York. Defendant further contends that the policies in question were issued in the following manner:
(a) In action No. 1, policy G-24,667 was issued and delivered to First American Bankshares, Inc., the parent of Bank of Commerce, in the District of Columbia and as such is governed by the laws of the District of Columbia;
(b) In action No. 2, policy G-31,549 was issued and delivered to the Robert W. Hunt Company in the State of Illinois and is governed by the laws of the State of Illinois; and
(c) In action No. 3, policy G-D 3736 was issued and delivered to Lucius Pitkin, Inc., in the State of New Jersey and is governed by the laws of the State of New Jersey.
Defendant argues that by reason of the foregoing, it does not have sufficient minimum contacts with New York State to permit the court to exercise jurisdiction over it.
Defendant further contends that all three of plaintiffs claims are barred by two-year contractual limitations period set forth in the policies. The subject claims of these actions arose in the following manner:
(a) action No. 1, Justine Hampton’s cause of action accrued in 1983;
(b) action No. 2, Luenda William’s cause of action accrued in 1981; and
(c) action No. 3, Lois Laster’s cause of action accrued in 1981.
By virtue of the foregoing, defendant submits that all of the actions are time barred by the two-year limitations set forth in each policy issued by it as no actions were commenced until February 1987.
Plaintiff contends that the court has jurisdiction over the person of the defendant in that defendant issued group insurance policies for employees to companies with offices in New York and that defendant routinely pays benefits to New York insureds or their assignee/providers who are also located in New York. Plaintiff submits that these are sufficient minimum contacts to constitute doing business within the State of New York.
Plaintiff also contends that its claims and assignments were timely filed with the defendant and that defendant failed to make payments or issue a denial of the ^claim to plaintiff. *865 Plaintiff argues that the two-year Statute of Limitations contained in the policy is unconscionable and that the six-year statute applicable to contract actions is the period of limitations to be applied. Plaintiff further argues that in order for the shorter period of limitations to be valid and binding upon a party, it must have been contemplated and agreed upon by the parties at the time the contract was entered into. Plaintiff submits that an assignee of the payment under the contract is not bound by the time restriction contained in the policy as it was not a party to the original contract.
The issues thus presented are:
(i) whether the court has jurisdiction over the person of the defendant; and
(ii) whether plaintiffs’ claims are time barred by the limitations set forth in the policies.
JURISDICTION OF THE COURT
In order to obtain jurisdiction over a defendant foreign insurance company, not licensed to do business in the State of New York, it must be shown that the defendant had sufficient minimum contacts with the State of New York, so that the maintenance of an action would not offend traditional notions of fair play and substantial justice. (McGee v International Life Ins. Co., 355 US 220 [1957].)
In order to establish that defendant had minimum contacts with the State of New York, plaintiff must prove that the defendant had purposefully availed itself of the privilege of conducting activities within the State, thus invoking the benefits and protections of its laws. The requisite contacts with New York must result from activities of the defendant, and not those of the party seeking to assert jurisdiction (Hanson v Denckla, 357 US 235 [1958]).
Business Corporation Law § 307 (a) states: "In any case in which a non-domiciliary would be subject to the personal or other jurisdiction of the courts of this state under article three of the civil practice law and rules, a foreign corporation not authorized to do business in this state is subject to a like jurisdiction. ” (Emphasis added.)
CPLR 302 (a) states:
"Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomicilary * * * who in person or through an agent:
*866 "1. transacts any business within the state or contracts anywhere to supply goods or services in the state”.
Additionally, the provisions of Insurance Law § 1213 are applicable.
"§ 1213 — Service of process on superintendent as attorney for unauthorized insurers.
"(a) the purpose of this section is to subject certain insurers to the jurisdiction of the courts of this state in suits by or on behalf of insureds or beneficiaries under certain insurance contracts. The legislature declares that it is the subject of concern that many residents of this state hold policies of insurance issued or delivered in this state of insurers while not authorized to do business in this state, thus presenting to such residents the often insuperable obstacle of resorting to distant forums for the purpose of asserting legal rights under such policies. In furtherance of such state interest, the legislature herein provides a method of substituted service of process upon such insurers and declares that in so doing it exercises its power to protect its residents and to define, for the purpose of this section, what constitutes doing business in this state, and also exercises powers and privileges available to the state by virtue of public law number fifteen, seventy-ninth congress of the United States, chapter twenty, first session, senate number three hundred forty, as amended, (15 U.S.C. § 1011) which declares that the business of insurance and every person engaged therein shall be subject to the laws of the several states.
"(b) (1) Any of the following acts in this state, effected by mail or otherwise, by an unauthorized foreign or alien insurer:
"(A) the issuance or delivery of contracts of insurance to residents of this state or to corporations authorized to do business therein * * *
"(C) the collection of premiums, membership fees, assessments or other considerations for such contracts, or
"(D) any other transaction of business,
"is equivalent to and constitutes its appointment of the superintendent, and his successors in office, to be its true and lawful attorney upon whom may be served all lawful process in any proceeding instituted by or on behalf of an insured or beneficiary arising out of any such contract of insurance, and shall signify its agreement that such service of process is of *867 the same legal force and validity as personal service of process in this state upon such insurer.”
In Ford v Unity Hosp. (32 NY2d 464, 470 [1973]), the Court of Appeals in reversing the Appellate Division stated: "In adopting section 59-a of the Insurance Law [now § 1213] * * * the Legislature has defined 'doing business’ in New York by an insurer in terms more broadly inclusive than those applied to other commercial enterprises by CPLR 301.”
In the instant action, defendant had issued and delivered policies of group insurance to foreign corporations all of whom were organized and existed by virtue of laws of States other than New York. However, defendant fails to recognize that all the corporations to whom it had issued policies had sufficient minimum contacts in New York State to confer personal jurisdiction over the defendant.
In action No. 1, the policy in question was issued and delivered to First American Bank Shares, Inc., which was located in the District of Columbia. This corporation is the parent corporation of the Bank of Commerce who employed Justine Hampton, a New York resident, at one of their offices located at 100 Church Street, New York, New York. In action No. 2, the policy was issued and delivered to the Robert W. Hunt Company in the State of Illinois. This corporation had a New York office located at 155 Avenue of the Americas at which it employed Luenda Williams, a New York resident. In action No. 3, the policy was issued and delivered to Lucius Pitkin, Inc., in the State of New Jersey. This corporation has a New York office located at 50 Hudson Street and they employed Lois Laster, a New York resident.
It may not be overlooked that in issuing the policies of insurance, defendant is chargeable with knowledge that its corporate insureds intended to provide this coverage under the group policies to New York residents and that the New York residents were the covered beneficiaries of these contracts.
To argue that an insurer may insulate itself from recourse under policies of health coverage from suit in New York, would as a practical matter render the contracts nugatory. It borders on the unconscionable to assert that New York residents must sue in Indiana if health benefits are not paid. The intent of constitutional due process and the public policy of this State expressed in the Insurance Law as well as the CPLR precludes such an absurd result. It would appear that by the very contracts relied on by defendant, it has estopped itself from claiming the lack of jurisdiction of this court.
*868 SERVICE OF PROCESS ON DEFENDANT
CPLR 313 sets forth a method of service of process without the State granting part:
"§ 313. Service without the state giving personal jurisdiction.
"A person * * * subject to the jurisdiction of the courts of the state under section * * * 302 * * * may be served with the summons, without the state, in the same manner as service is made within the state, by any person authorized to make service * * * by the laws of the state, territory, possession or country in which service is made or by any duly qualified attorney, solicitor, barrister or equivalent in such jurisdiction”.
In the instant proceeding plaintiff served defendant at its New Jersey office pursuant to CPLR 302 and 313. There was no requirement to serve defendant pursuant to Insurance Law §§ 1212 and 1213.
The methods of substituted service upon the Superintendent of Insurance permitted by Insurance Law § 1213 are merely options which plaintiff may utilize to serve an unauthorized or foreign insurance corporation transacting business in New York.
Insurance Law § 1213 (b) (5) provides: "Nothing contained in this section shall limit or abridge the right to serve any process, notice or demand upon any insurer in any other manner permitted by law.”
Therefore, service upon the defendant at its New Jersey office was proper and sufficient to confer personal jurisdiction over the defendant. Accordingly, the motion to dismiss plaintiff’s cause of action pursuant to CPLR 3211 (a) (8) is denied.
CONTRACTUAL LIMITATIONS PERIOD
All three of the policies of insurance which are the subject of the underlying causes of action contain the following provision: "If the laws of the State of Delivery do not designate the maximum length of time during which such action may be brought after the expiration of the two (2) years from the time within which proof of loss is required by the policy.”
The parties to an insurance contract may provide for a shorter limitation period in which to commence an action than that provided in the applicable Statute of Limitations. (Brandyce v Globe & Rutgers Fire Ins. Co., 252 NY 69 [1929]; *869 Hanna v Commercial Travelers Mut. Acc. Assn., 236 NY 571 [1923]; Whiteside v North Am. Acc. Ins. Co., 200 NY 320 [1911]; Anderson v Fidelity Co-op. Fire Ins. Co., 116 Misc 679 [Sup Ct, Chautauqua County 1921].) Where the provision for a shorter limitation is clear and unambiguous it has been held to be binding upon the parties. In Savery v Commercial Travelers Mut. Acc. Assn. (238 App Div 189, 191 [4th Dept 1933]) the court stated: "In such case it must be held that it was the intention of the parties to contract to give it effect according to the plain meaning of the language of its provision.” In the case at bar, the parties contracted in clear and unambiguous terms for a shorter period of limitations than the general provision for contract actions which is six years.
Accordingly, the provision shortening the time in which this action could be brought is valid and binding on the parties.
Plaintiff accepted an assignment of benefits from patients who were insured by defendant. By accepting this assignment plaintiff assumed all the rights, privileges and obligations of its assignors. As an assignee, plaintiff is bound by the terms of the contract, including the provision for a shorter limitations period in which an action may be brought under the policy.
It is settled law that an assignee stands in the shoes of its assignor and assumes all the conditions and liabilities of the assignee. (Kaplan v Equitable Life Assur. Socy., 177 Misc 792 [1940], affd 261 App Div 1067 [1st Dept 1941].)
Thus, plaintiff, as the assignee of the insurance contact, is bound by all the provisions of the policy including the provision barring the commencement of an action under the policy beyond the two-year limitation period.
It is undisputed that all three actions were commenced in February 1987, more than two years after each cause of action arose. However, the motion to dismiss under CPLR 3211 (a) (5) relates to a "statute of limitations”. The defendant’s contentions are contractual in nature and not statutory. Therefore, CPLR 3211 (a) (5) is not applicable.
Accordingly, the motion to dismiss pursuant to CPLR 3211 (a) (8) is denied as jurisdiction does exist over the person of the defendant.
With respect to that portion of the motion to dismiss based upon the contractual limitation to sue, in the interest of judicial economy, notice is hereby given that pursuant to *870 CPLR 3211 (c) the court intends to treat defendant’s motion as a motion for summary judgment dismissing the complaint. Counsel are hereby afforded 20 days from the date of this decision to submit any other affidavits in support or opposition that they deem appropriate to the motion for summary judgment.