OPINION OF THE COURT
Ira Gammerman, J.
The Superintendent of Insurance as liquidator of Union *559 Indemnity Insurance Company of New York (Union) brings this application, pursuant to Insurance Law § 7433, to allow a portion of the claim filed by the Internal Revenue Service (IRS) as a general creditor claim. IRS opposes the application asserting that it has first priority under 31 USC § 3713 (a) (1) (A).
By stipulation dated September 15, 1989, the parties have agreed that ”[t]he total allowed claim of the IRS for federal taxes and pre-liquidation interest and penalties upon taxes in the Union liquidation proceeding is $137,245.18.” Thus, the amount of IRS’ claim has been fixed and all that remains is the question of whether IRS is to be treated as a general creditor or if it should have priority over all other claimants.
IRS contends that the Federal insolvency statute (31 USC § 3713 [a] [1] [A]) controls and grants priority to claims of the United States Government for taxes due in cases of insolvency. The liquidator argues that the McCarran-Ferguson Act (15 USC § 1011 et seq.), which vests the States with authority to regulate the business of insurance, mandates the application of State law governing priorities in insurer liquidations.
The Federal insolvency statute provides as follows:
"§ 3713. Priority of Government claims
"(a) (1) A claim of the United States Government shall be paid first when—
"(A) a person indebted to the Government is insolvent and—
"(i) the debtor without enough property to pay all debts makes a voluntary assignment of property;
"(ii) property of the debtor, if absent, is attached; or
"(iii) an act of bankruptcy is committed”.
This statute in more or less the same form has been in existence since the early days of the republic. (See, Act of Mar. 3, 1797, §5, 1 US Stat 515.) It owes its origin to a similar priority of the Crown in England, an aspect of the royal prerogative, founded upon a policy of protecting the public revenues. (United States v Key, 397 US 322 [1970].) The same purpose underlies the current enactment. (United States v State Bank of N. Carolina, 6 Pet [31 US] 29, 35 [1832]; United States v Key, supra, at 324.) The statute is to be construed liberally to effectuate its purpose. (United States v Emory, 314 US 423, 426 [1941].)
Here, there is an insolvency as defined by the statute and moneys owed as taxes to the Federal Government which are *560 covered by 31 USC § 3713. (See, United States v Vermont, 377 US 351 [1964].) Section 3713 is triggered unless another Federal statute creates an exception. An exception occurs when the statutes expressly state it or when the statutes reflect the plainest inconsistency. (United States v Emory, supra, at 433; United States v Key, supra, at 325.) The liquidator posits that the McCarran-Ferguson Act negates the priority.
McCarran-Ferguson (15 USC § 1012) in pertinent part provides as follows:
"§ 1012. Regulation by State law; Federal law relating specifically to insurance; applicability of certain Federal laws after June 30,1948.
"(a) The business of insurance, and every person engaged therein, shall be subject to the laws of the several States which relate to the regulation or taxation of such business.
"(b) No act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, or which imposes a fee or tax upon such business, unless such Act specifically relates to the business of insurance: Provided, That after June 30, 1948 * * * the Sherman Act, and * * * the Clayton Act, and * * * the Federal Trade Commission Act * * * shall be applicable to the business of insurance to the extent that such business is not regulated by State law.”
McCarran-Ferguson contains no express provision excepting State insurance liquidation proceedings from the applicability of the Federal insolvency statute. Whether McCarran-Ferguson implicitly modifies 31 US § 3713 is the issue before the court on this application.
While the parties have principally addressed themselves to whether the State statute setting priority of claims in liquidation proceedings constitutes the regulation of the business of insurance, this court need not reach that issue to determine that no exception to section 3713 has been created. It is clear from the legislative history that McCarran-Ferguson was not intended to vest the States with any greater control over the insurance industry than previously existed prior to the pivotal decision in United States v Underwriters Assn. (322 US 533 [1944]; see, HR Rep No. 143, 79th Cong, 1st Sess, reprinted in 1945 US Code Cong Serv 670, 671), which had prompted the adoption of McCarran-Ferguson in the first place.
The House report (op. cit., at 671-672) explicitly states: "It is not the intention of Congress in the enactment of this legisla *561 tian to clothe the States with any power to regulate or tax the business of insurance beyond that which they had been held to possess prior to the decision of the United States Supreme Court in the Southeastern Underwriters Association case. Briefly, your committee is of the opinion that we should provide for the continued regulation and taxation of insurance by the States, subject always, however to the limitations set out in the controlling decisions of the United States Supreme Court”.
The courts, which have considered the legislative intent of McCarran-Ferguson, have concluded that it "was an attempt to turn back the clock, to assure the activities of insurance companies in dealing with their policyholders would remain subject to state regulation.” (Securities & Exch. Commn. v National Sec., 393 US 453, 459 [1969].) In State of Idaho ex rel. Soward v United States (858 F2d 445, 450 [9th Cir 1988], cert denied sub nom. Fagiano v United States, — US —, 109 S Ct 2063 [1989]) the court noted that McCarran-Ferguson "was not intended to open new areas of regulatory discretion to the States, but rather to return the realm of insurance transactions to the status quo ante. ”
The paramount nature of the priority created in the Federal insolvency statute was upheld in the context of insurance company liquidation prior to the enactment of McCarran-Ferguson. In 1935, the Supreme Court held that the claims of the United States Government under the predecessor statute to 31 USC § 3713 were entitled to priority over other creditors’ claims in State insurance liquidation proceedings. (United States v Knott, 298 US 544.) Indeed, the courts of New York had previously recognized such priority in Matter of People (Phillips — Casualty Co.) (196 App Div 175 [1st Dept], affd 232 NY 559 [1921]). There it was established that "[t]he right of the United States government to preference cannot be defeated by any State statute, nor by any rule adopted by the State court” (supra, at 177; Matter of Kupshire Coats, 272 NY 221, 226 [1936]; Field v United States, 9 Pet [34 US] 182 [1835]).
Since McCarran-Ferguson was not intended to work change in existing regulation of insurance, the liquidator has failed to demonstrate any inconsistency between the two provisions, let alone a "patent inconsistency between the purposes” of the Federal insolvency statute and McCarran-Ferguson (United States v Emory, 314 US 423, 430, supra). The balance between State regulation and Federal interests was struck long before *562 the enactment of McCarran-Ferguson and the Federal Government’s right to priority was sustained by both the United States Supreme Court and the New York Court of Appeals. It would be contrary to the clearly expressed intent of McCarran-Ferguson as well as in contravention of long-standing and controlling State and Federal precedent, if this court were to accept the liquidator’s position and treat the IRS claim to taxes as that of general creditor. The claim of the United States Government to $137,245.18 is entitled to first priority under 31 USC § 3713 (a) (1) (A).
It is of note that the Federal courts, which have recently reviewed the interaction of these two statutes, have also determined that the United States Government priority is unaffected by McCarran-Ferguson. (Cf., State of Idaho ex rel. Soward v United States, supra; Gordon v United States Dept. of Treasury, 846 F2d 272 [4th Cir], cert denied 488 US 955.)
Accordingly, the petition to allow the claim of IRS in the sum of $137,245.18 as a general creditor is denied and the United States Government is granted a first priority to the assets of the insolvent Union for its claim of $137,245.18.