JAMES P. CORCORAN, as Superintendent of Insurance of the State of New York and as Liquidator of Nassau Insurance Company, Respondent, v ARDRA INSURANCE COMPANY, LTD., et al., Appellants.

First Department, April 10, 1990

## APPEARANCES OF COUNSEL

*William F. Costigan* of counsel *(Anderson Costigan,* attorney), for respondent.

*James D. Veach* of counsel *(Eugene A. Leiman* and *Jeffrey S.*

*Weinstein* with him on the brief; *Mound, Cotton & Wollan,* attorneys), for appellants.

## OPINION OF THE COURT

Asch, J.

This action arises from three reinsurance contracts entered into by the now insolvent Nassau Insurance Company (Nassau) with the defendant Ardra Insurance Company, Ltd. (Ardra), a Bermuda corporation. Defendants Richard A. and Jeanne S. DiLoreto owned and dominated a network of companies including Nassau and Ardra.

The plaintiff Superintendent of Insurance, as liquidator of Nassau, seeks reinsurance balances allegedly owed by Ardra to Nassau and damages from the individual defendants allegedly resulting from their use of "shell" corporations, including Ardra, in order to obstruct plaintiff from recovering amounts due under the reinsurance agreements.

There was a broad arbitration clause in each of the three reinsurance contracts. After the action was started, the defendants invoked the removal jurisdiction of the Federal court, seeking to compel the plaintiff Superintendent to arbitrate the dispute under the terms of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (21 UST 2517, TIAS No. 6992, 330 UNTA 38 [1958], eff Dec. 29, 1970 in the US) (the Convention), which is implemented as a chapter (9 USC ch 2, § 201 *et seq.)* of the Federal Arbitration Act. The District Court remanded the case on Federal abstention grounds *(Corcoran v Ardra Ins. Co.,* 657 F Supp 1223, 1236, *appeal dismissed* 842 F2d 31).

Defendants moved in the State Supreme Court, after the remand, to dismiss the causes of action against Ardra on the ground, *inter alia,* that arbitration was required. The plaintiff cross-moved for summary judgment and the IAS court denied both motion and cross motion. Thereafter, a motion by defendants for renewal and reargument was also denied by the court.

The ultimate issue presented to us is whether the Convention on the Recognition and Enforcement of Foreign Arbitral Awards mandates arbitration of the dispute with defendant Ardra, a Bermuda corporation, by the Superintendent of Insurance as liquidator, precluding application of the liquidation provisions of the Insurance Law giving the Supreme

Court exclusive jurisdiction of claims for and against the insolvent insurer.

■ The Court of Appeals, in *Matter of Knickerbocker Agency (Holz)* (4 NY2d 245), held that the provisions of the Insurance Law relating to the liquidation of insolvent insurers (now art 74) furnishes a comprehensive method for winding up their affairs and that the Supreme Court with the agency of the Superintendent of Insurance is intended by the statute to have exclusive jurisdiction of all claims involving such insolvent insurers *(supra,* at 250). The court found that in keeping with the over-all scheme and plan of the statute, the Supreme Court may not be ousted from its jurisdiction in favor of an arbitrative tribunal (at 252). With the onset of insolvency and liquidation, the provisions of the Insurance Law come into effect and any contractual provisions relating to arbitration become of "no effect" *(supra,* at 251).

The invocation of the Federal Arbitration Act (9 USC § 1 *et seq.)* does not require a different result. The McCarran-Ferguson Act (15 USC § 1011 *et seq.)* specifically provides, in pertinent part: "No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance * * * unless such Act specifically relates to the business of insurance" (15 USC § 1012 [b]). Certainly, the liquidation provisions of the Insurance Law were enacted "for the purpose of regulating the business of insurance" *(see, Securities & Exch. Commn. v National Sec.,* 393 US 463; *Levy v Lewis,* 635 F2d 960) and thus, in accord with McCarran-Ferguson, are not invalidated or impaired by the provisions of the Federal Arbitration Act *(see, Washburn v Corcoran,* 643 F Supp 554).

However, the question remains as to the applicability of the Convention in view of the fact that Ardra is a Bermuda corporation. Defendant Ardra asserts that the Convention supersedes any contrary State policy or statute pursuant to US Constitution, article VI, clause (2), citing *Mitsubishi Motors v Soler Chrysler-Plymouth* (473 US 614), where the Supreme Court said: "[C]oncerns of international comity, respect for the capacities of foreign and transnational tribunals, and sensitivity to the need of the international commercial system for predictability in the resolution of disputes require that we enforce the parties' agreement, even assuming that a contrary result would be forthcoming in a domestic context" *(supra,* at 629).

Article V (2) (b) of the Convention provides that enforcement may be refused if doing so would violate the public policy of the enforcing State. While not entirely free from doubt as to the facts in this case, it has previously been held that this public policy defense is to be narrowly construed *(Scherk v Alberto-Culver Co.,* 417 US 506) and must implicate "the forum state's most basic notions of morality and justice" *(Parsons & Whittemore Overseas Co. v Societe Generale de L'Industrie du Papier,* 508 F2d 969, 974). We assume, arguendo, that this strict standard has not been met here.

■ However, the Convention, pursuant to article II (3), also provides that the matter need not be referred to arbitration if the court finds that the agreement to arbitrate is "null and void, inoperative or incapable of being performed". As noted, the Court of Appeals has held that the insolvency provisions of the Insurance Law vest the Supreme Court with exclusive jurisdiction over the affairs of the insolvent insurer, rendering arbitration clauses inoperative and nonenforceable against the statutory liquidator *(see, Matter of Knickerbocker Agency [Holz],* 4 NY2d 245, 251-253, *supra).*

Defendant Ardra was on notice when it entered into the reinsurance contracts with Nassau that the arbitration provisions of these agreements would become "inoperative" and unenforceable in the event of insolvency. In fact, the agreements provide for payments by Ardra to the liquidator in the event of Nassau's insolvency. "Thus, the Reinsurance Agreements appear to contemplate the transformation of the relationship from one of a commercial nature to one of a regulatory nature. The Reinsurance Agreements contain provisions requiring Ardra to pay reinsurance proceeds to the Liquidator of Nassau if Nassau became insolvent. The provisions are modeled upon § 1308 of N.Y. Ins. Law (formerly § 315). The provisions refer expressly to § 315. Thus, it appears that the parties to the Reinsurance Agreements anticipated, under certain circumstances, the application of New York law to their relationship. Furthermore, pursuant to the laws of New York, when parties make a contract, it is reasonable to infer that they were aware of relevant law, and those laws 'must be deemed to have permeated the agreement and constituted elements of the obligation.' *People v. Glove Mutual Life Insurance Co.,* 91 N.Y. 174, 179 (1883). This axiom of contract construction has been applied to New York's law of reinsurance and insurer insolvency. * * * Therefore, Ardra must be deemed to have had knowledge, at the time it entered into the

contract with Nassau, regarding the exclusive jurisdiction of the State Supreme Court with respect to the liquidation of Nassau, and the probable implications of this jurisdiction for the enforceability of each Reinsurance Agreement's arbitration provisions." *(Corcoran v Ardra Ins. Co., supra,* 657 F Supp, at 1232, n 6.)

Further, as noted by the Federal court *(supra),* the relationship between the parties was transformed from "one of a commercial nature to one of a regulatory nature". "In acceding to the Convention the Senate restricted its applicability to commercial matters, in accord with Art I (3)" *(Mitsubishi Motors v Soler Chrysler-Plymouth, supra,* at 639, n 21). Since the dispute which arose is not between Ardra and Nassau, but between Ardra and the Superintendent as liquidator of Nassau, it is not a "commercial" matter. The liquidator sues Ardra as a fiduciary protecting not only the interests of Nassau, but also policyholders and the general public in the State of New York *(see, Matter of Knickerbocker Agency [Holz], supra,* at 251; *but cf., Corcoran v AIG Multi-Line Syndicate,* 143 Misc 2d 62, 68).

■ The Convention also provides that recognition and enforcement of the award may be refused if the award deals with "a difference not contemplated by or not falling within the terms of the submission to arbitration" (art V [1] [c]), and if "[t]he subject matter of the difference is not capable of settlement by arbitration under the laws of that country" (art V [2] [a]). In the State of New York, as noted, a "difference" with the liquidator of an insolvent insurer is not "contemplated" as within an agreement to arbitrate nor "capable of settlement" by arbitration *(see, Matter of Knickerbocker Agency [Holz], supra).*

Finally, article V (1) (a) authorizes nonenforcement if the parties "were, under the law applicable to them, under some incapacity". Although it has been suggested that the incapacity must relate back to the time of contract and intervening liquidation could not, therefore, support a claim of incapacity *(Corcoran v AIG Multi-Line Syndicate, supra,* at 69-70):

"[T]he background of the provision suggests that the drafters were concerned with ensuring that both parties be properly represented during the arbitration proceeding; therefore, the provision refers to the parties' capacities at the time of arbitration. Moreover, the incapacity determination is to be made 'under the law applicable to [the parties].' This provision

requires the application of the law of the party's home jurisdiction, as opposed to the law of the state in which the award was made or the law of the underlying contract. In the case of a U.S. party, U.S. law would apply.

"The bankruptcy of one of the parties to an arbitration agreement prior to an award falls squarely under this * * * exception. * * * Since the Convention makes U.S. law applicable with respect to the capacity of U.S. parties, it follows that a bankrupt U.S. party is 'under some incapacity' for purposes of determining the enforceability of a postpetition arbitral award, and thus such awards should not be enforceable under the Convention as to bankruptcy estate assets." (Westbrook, *The Coming Encounter: International Arbitration and Bankruptcy,* 67 Minn L Rev 595, 614-616.)

A fortiori, disputes involving the liquidator for an insolvent insurer, acting for stockholders, policyholders and the general public, are not arbitrable, since the insolvent insurer which agreed to arbitrate has come under an incapacity at the time of the arbitration.

Accordingly, the appeal from the order of the Supreme Court, New York County (Bruce McM. Wright, J.), entered August 11, 1988, which *inter alia,* denied defendants' motion to dismiss the complaint and compel arbitration, should be dismissed as superseded.

Order of the Supreme Court, New York County (Bruce McM. Wright, J.), entered December 7, 1988, which denied defendant's motion for renewal and reargument, should be affirmed, without costs or disbursements.

KUPFERMAN, J. P., MILONAS, WALLACH and RUBIN, JJ., concur.

Order, Supreme Court, New York County, entered on December 7, 1988, unanimously affirmed, without costs and without disbursements, and appeal from order of said court entered on August 11, 1988, unanimously dismissed as superseded by the aforementioned order, without costs and without disbursements.