**T.P.K. CONSTRUCTION CORPORATION,**
Plaintiff,

v.

**SOUTHERN AMERICAN INSURANCE COMPANY and Massachusetts Insurance Agency, Inc., Defendants.**

**SOUTHERN AMERICAN INSURANCE COMPANY, Third–Party Plaintiff,**

v.

**Timmy KOUSTAS, Artemis Koustas, Metropolitan Bond Corp., and Joseph Starr, Jr., Third–Party, Defendants.**

No. 89 Civ. 8415 (RPP).

United States District Court,
S.D. New York.

June 25, 1990.

---

**214**

Larry B. Hollander, Hollander & Groner, New York City, for plaintiff.

Barry T. Bassis, Bower & Gardner, New York City, for SAIC.

Vincent J. Zichello, Bergadano, Zichello & Babchik, New York City, for Massachusetts Ins. Agency.

## OPINION AND ORDER

ROBERT P. PATTERSON, JR.,
District Judge.

Plaintiff, a New York corporation with principal place of business in New Jersey, brings this diversity action to recover losses allegedly caused by the rejection of its bid for construction contracts with the City of New York because bid bonds issued by defendant South American Insurance Company (SAIC) "did not comply with the IFB [Information for Bidders prepared by the City of New York] and were a nullity as a

matter of law." Am.Comp. at 4, ¶ 14 (May 9, 1990). This is a motion by plaintiff to require SAIC to deposit security in conformance with New York State Insurance Law § 1213(c)(1).

Section 1213(c)(1) states:

(1) Before any unauthorized foreign or alien insurer files any pleading in any proceeding against it, it shall either:

(A) deposit with the clerk of the court in which the proceeding is pending, cash or securities or file with such clerk a bond with good and sufficient sureties, to be approved by the court, in an amount to be fixed by the court sufficient to secure payment of any final judgment which may be rendered in the proceeding, but the court may in its discretion make an order dispensing with such deposit or bond if the superintendent certifies to it that such insurer maintains within this state funds or securities in trust or otherwise sufficient and available to satisfy any final judgment which may be entered in the proceeding, or

(B) procure a license to do an insurance business in this state.

Plaintiff first made this motion by letter dated April 23, 1990. SAIC responded by letter dated May 1, 1990, with three defenses: (1) the statute only requires that a security be filed before the filing of any "pleading"; (2) the statute does not apply when the plaintiff has obtained personal jurisdiction over defendant by means other than service through the Superintendent of Insurance pursuant to New York Insurance Law § 1213(b)(2); and (3) a security cannot be required before the filing of an answer because a court cannot determine the nature and extent of plaintiff's injuries at such an early juncture.

At oral argument on May 7, 1990, the Court denied the motion with leave to renew, based on SAIC's first defense. At the time of the oral argument there was a pending motion by SAIC to dismiss the complaint; however, an answer had not yet been filed by SAIC. Section 1213(c)(1) only requires the deposit of a security before an

unauthorized insurer "files any pleading in any proceeding against it." Both Federal Rule of Civil Procedure 7 and N.Y. CPLR § 3011, define "pleading" as a complaint or answer, but not as a motion to dismiss. Accordingly, the Court ruled on May 7, 1990 that Section 1213(c)(1) was not applicable because SAIC had filed a motion to dismiss but not a pleading.

By letter dated June 11, 1990, plaintiff renewed its motion with respect to Section 1213(c)(1). SAIC opposed the motion by letter dated June 19, 1990. At this time, SAIC's motion to dismiss has been withdrawn, plaintiff has filed an amended complaint and SAIC has filed an answer. SAIC concedes that it has filed a pleading and therefore relies only on the second defense asserted in its letter of May 1, 1990. The Court finds that defense inadequate in light of the plain language of Section 1213(c)(1) and related New York caselaw.

The language of Section 1213(c)(1) mandates that a security "shall" be deposited whenever an unauthorized foreign insurer files a pleading. SAIC admits in its pleadings that it is an unauthorized foreign insurer and on this motion has not disputed that it falls within that categorization. The statute only provides for two exceptions from the security requirement: (1) when the superintendent certifies that the unauthorized insurer maintains within New York State sufficient funds to satisfy any final judgment, and (2) when the unauthorized insurer procures a license to do an insurance business in New York State. Neither of those conditions have been satisfied. Thus, the plain language of Section 1213(c)(1) dictates that plaintiff's motion should be granted.

SAIC contends that despite the language of Section 1213(c)(1), the statute only requires a security deposit when personal jurisdiction has been obtained through substituted service of process on the Superintendent of Insurance as attorney for the unauthorized insurers. The procedure for obtaining personal jurisdiction over unauthorized foreign insurers through service on the Superintendent is provided for in Section 1213(b). In the instant case, plaintiff served SAIC pursuant to New York's long arm statute, which provides for service upon foreign companies doing business in New York. SAIC readily concedes in its letters on this motion that service of process was conducted properly under the CPLR and that this Court has jurisdiction. SAIC argues, however, that when process has been served pursuant to the CPLR, rather than through the Superintendent under Section 1213(b), then 1213(c)(1) does not apply.

There is no language in the statute to support such a distinction between the two forms of service. Under New York caselaw the two forms of service have been deemed equivalent, *see Comprehensive Foot Care Group v. Lincoln National Life*, 135 Misc.2d 862, 517 N.Y.S.2d 652, 655–56 (N.Y.City Civ.Ct.1987), and Section 1213(b)(5) provides, "Nothing contained in this section shall limit or abridge the right to serve any process, notice or demand upon any insurer in any other manner permitted by law."

The only support offered by SAIC is a New York Supreme Court decision under a similar insurance statute in effect before the enactment of Section 1213. In *Arnold Chait, Ltd. v. La Metropolitana, Compania Nacional de Seguros, S.A.*, 26 Misc.2d 751, 207 N.Y.S.2d 22 (N.Y.Sup.Ct.1960), the court determined that an unauthorized alien insurer did not have to deposit a security. Process had been served by means other than through the Superintendent in *Arnold Chait* and the court, in part, relied upon that circumstance in its decision not to require a security. The basis for the court's attributing significance to the type of service of process utilized was its addition of emphasis to the following sentence from Richards, Law of Insurance, Fifth Edition: " 'Section 3 of the model act describes specifically the necessary procedural steps for an unauthorized insurer in order to defend a suit *in which service has been made under this act.*' (Emphasis supplied.)." 207 N.Y.S.2d at 23 (quoting Richards, *supra*, at 265). The New York court stated that this sentence indicated that the security requirement only applied

when process was served through the Superintendent. SAIC has not provided the Court with a similar commentary on the current insurance statute and the Court finds the Richards quote less than persuasive.

More importantly, the ultimate basis for the holding in *Arnold Chait* was that there was already a warrant of attachment and levy by the sheriff on a New York bank account of the unauthorized insurer. According to the *Arnold Chait* decision, the purpose of the security deposit requirement is to ensure that the defendant insurer, if it "defends and is unsuccessful, ... will be able to satisfy the judgment." 207 N.Y.S.2d at 24. Thus, the *Arnold Chait* court concluded, "Under the circumstances of this case presently before us, the relief afforded the plaintiff by this law is unnecessary, jurisdiction has been acquired and the Warrant of Attachment and levy provides adequate protection." *Id.* In this case, there is no attachment or levy. Accordingly, the relief afforded plaintiff by Section 1213(c)(1) is necessary.

SAIC also points out that it has a general indemnity agreement with plaintiff and third party defendants Timmy Koustas and Artemis Koustas, who are allegedly the principals of the plaintiff corporation. SAIC argues that the general indemnity agreement obligates plaintiff to provide the funds for SAIC's Section 1213(c)(1) security deposit and therefore granting plaintiff's motion would result in "a dog chasing its tail." If SAIC's contention is correct, then plaintiff's motion may indeed be a waste of time. But in light of plaintiff's vigorous pursuit of its application and the lack of any exception in the statute for a "dog chasing its tail" situation, the Court finds SAIC's contention inadequate to defeat plaintiff's motion.[1] Plaintiff's motion is granted.

The Court, however, is not satisfied that plaintiff is entitled to a deposit of security in the amount requested by plaintiff. Plaintiff is suing for lost profits on two public projects which required competitive bidding. In view of the overall size of the contracts, the amount of damages requested in the ad damnum clause of the amended complaint seems unrealistically high. The Court will issue an order referring the issue of the amount of the security to a magistrate for an inquest at which evidence may be received sufficient to make the determinations required by the terms of Section 1213(c)(1)(A).

IT IS SO ORDERED.

---

1. The Court is expressing no opinion on SAIC's rights under the general indemnity agreement and this opinion is not intended in any way to prevent SAIC from taking action to enforce the terms of that agreement.