■ JAMES P. CORCORAN, as Superintendent of Insurance of the State of New York, as Liquidator of Nassau Insurance Company, Respondent, v ARDRA INSURANCE COMPANY, LTD., et al., Appellants.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered July 10, 1989, denying defendants' motion for a protective order striking plaintiff's request for production of documents, unanimously affirmed, with costs.

Defendants Ardra Insurance Company, Ltd. (Ardra) and fiduciaries Richard and Jeanne DiLoreto, who own and manage Ardra, are sued by the plaintiff, the Superintendent of Insurance (Liquidator), for reinsurance balances allegedly owed by Ardra to the insolvent Nassau Insurance Company (Nassau). The DiLoretos owned and dominated a number of companies, including Nassau and Ardra. The Liquidator, pursuant to an order of liquidation, was authorized to, *inter alia,* terminate all existing contracts to which Nassau was a party, including a reinsurance contract between Nassau and Ardra, wherein Nassau paid Ardra $10.6 million to assume a percentage of risk on certain insurance contracts entered into by Nassau. The Liquidator seeks damages from the individual defendants allegedly resulting from their use of "shell" corporations, including Ardra, to obstruct the Liquidator from recovering amounts due under the reinsurance agreement.

Insofar as defendants seek to strike the Liquidator's entire document request on general allegations that such request is, *inter alia*, "overbroad", we find such vague claims not properly before this court since they were not presented to the trial court in a manner sufficient to obtain a ruling thereon.

To the extent that defendants did not properly object to specific document demands such as, *inter alia*, requests for individual income tax returns, personal financial records, and financial books and accounting records of alleged "shell" corporations, we find such information sufficiently relevant and necessary to the issues in this litigation to justify the Liquidator's inclusion of these documents in his discovery request. *(See, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406.)

Defendants' argument for a stay of discovery was previously considered and unanimously denied by this court on July 10, 1990. Concur—Kupferman, J. P., Sullivan, Carro and Milonas, JJ.