SALVATORE R. CURIALE, as Superintendent of Insurance of the State of New York, as Liquidator of Nassau Insurance Company, Respondent, v ARDRA INSURANCE COMPANY, LTD., Appellant, et al., Defendants.

First Department, March 23, 1993

## APPEARANCES OF COUNSEL

*James Veach* of counsel *(Eugene A. Leiman* and *Guy P. Dauerty* with him on the brief; *Mound, Cotton & Wollan,* attorneys), for appellant.

*William F. Costigan* of counsel *(Daniel Hargraves* with him on the brief; *Costigan & Berns,* attorneys), for respondent.

## OPINION OF THE COURT

MILONAS, J. P.

Defendant Ardra Insurance Company, Ltd. is a Bermudian reinsurance company owned and controlled by individual defendants Richard DiLoreto and Jeanne DiLoreto through their holding company, Tiber Holding Corporation. Prior to the 1985 liquidation of Nassau Insurance Company, also owned and controlled by the DiLoretos, Ardra acted as reinsurer for the medallion taxi and casualty policies issued by Nassau. Plaintiff Superintendent of Insurance of the State of New York is now endeavoring to collect reinsurance proceeds exceeding $10 million. This action was commenced in April of 1985 by service of a summons and complaint. Plaintiff liquidator then attempted to restrain the assets of Ardra and the DiLoretos pending the outcome of the litigation. Ardra moved to dismiss the matter and compel arbitration. The prejudgment attachment effort was settled by a consent order whereby Ardra agreed to a restraint upon certain of its bank accounts which turned out to have zero balances. Ardra proceeded to invoke the removal jurisdiction of the Federal court, but the District Court remanded the case on abstention grounds *(Corcoran v Ardra Ins. Co.,* 842 F2d 31).

Finally, in August of 1988, the New York Supreme Court denied Ardra's application to compel arbitration. After defendant unsuccessfully moved to renew and reargue, an appeal to

this Court ensued, and the Appellate Division unanimously affirmed *(Corcoran v Ardra Ins. Co.,* 156 AD2d 70). The Court of Appeals also unanimously affirmed (77 NY2d 225). The United States Supreme Court rejected Ardra's petition for a writ of certiorari *(Ardra Ins. Co. v Curiale,* — US —, 114 L Ed 2d 712). In the meantime, Ardra sought a protective order to delay compliance with the liquidator's document request of March 12, 1989, and, when this too was denied, again moved, first, to renew and reargue and, second, to appeal to this Court, which unanimously affirmed the Supreme Court's ruling (166 AD2d 250). The liquidator moved to compel production and impose sanctions, and the Supreme Court granted the motion and prescribed nonmonetary sanctions, but, once more, defendant attempted to delay the proceedings with additional maneuvers and motion practice, including an unavailing effort to procure an interim and permanent stay of arbitration from the Appellate Division and to persuade a Judge in the Court of Appeals to sign an order to show cause enjoining discovery. Indeed, from the time that this action was commenced until service of the answer, Ardra has appealed six times and requested reargument twice.

The specific issue before this Court on the present occasion involves defendant's obligation to post security as a condition for interposing its answer. In that regard, Ardra and the liquidator undertook negotiations with respect to this question, but no agreement was reached. The liquidator, therefore, sought to strike Ardra's answer and have a default judgment entered. Accordingly, the Supreme Court, determining that defendant was required to put up security, directed it to post $10,351,877.38 within 45 days or have its answer stricken. Ardra has now appealed the latest order. Significantly, Insurance Law § 1213 (a) states that "[t]he purpose of this section is to subject certain insurers to the jurisdiction of the courts of this state in suits by or on behalf of insureds or beneficiaries under certain insurance contracts. The legislature declares that it is a subject of concern that many residents of this state hold policies of insurance issued or delivered in this state by insurers while not authorized to do business in this state, thus presenting to such residents the often insuperable obstacle of resorting to distant forums". Defendant has advanced no rational reason or legal authority to support its contention that the requirement that a foreign insurer post security under Insurance Law § 1213 (c) is contingent upon the manner of service. The statute itself certainly contains no such precon-

dition *(see, T.P.K. Constr. Corp. v Southern. Am. Ins. Co.,* 739 F Supp 213).

Section 107 (a) (8) of the Insurance Law expressly refers to a reinsurer as being within the definition of insurer. Consequently, there is no merit whatever to Ardra's claim that Insurance Law § 1213 is inapplicable to foreign reinsurers *(American Centennial Ins. Co. v Seguros La Republica,* 1992 US Dist LEXIS 8399, 1992 WL 147626 [SD NY, June 16, 1992, Keenan, J.]; *American Centennial Ins. Co. v Seguros La Republica,* 1992 US Dist LEXIS 8720, 1992 WL 162770 [SD NY, June 22, 1992, Lowe, J.]). Further, the fact that plaintiff sought prejudgment security pursuant to the CPLR at the inception of this litigation does not, as defendant urges, amount to a waiver of the provisions of the Insurance Law. Not only do the sections relating to the posting of prejudgment bond take effect only upon the filing of an answer, but the long delay entailed herein in the submission of Ardra's answer is almost entirely due to defendant's extensive record of litigiousness. Finally, Ardra's remaining arguments are without substance. It should be noted that Insurance Law § 1213 (c) declares that:

"(1) Before any unauthorized foreign or alien insurer files any pleading in any proceeding against it, it shall either:

"(A) deposit with the clerk of the court in which the proceedings is pending, cash or securities or file with such clerk a bond with good and sufficient sureties, to be approved by the court, in an amount to be fixed by the court sufficient to secure payment of any final judgment which may be rendered in the proceeding, but the court may in its discretion make an order dispensing with such deposit or bond if the superintendent certifies to it that such insurer maintains within this state funds or securities in trust or otherwise sufficient and available to satisfy any final judgment which may be entered in the proceeding, or

"(B) procure a license to do an insurance business in this state."

The Supreme Court which considered this matter afforded defendant an opportunity to present its arguments. Notwithstanding the dissent's view that the $1 million in security offered by Ardra should be accepted pending a formal hearing as to how the liquidator computed the sum of $10,351,877.38, defendant is not challenging the correctness of plaintiff's calculations or the appropriateness of the amount established

by the Supreme Court. Rather, it simply asserts that it can only afford to post $1 million. Yet, the dissent would supersede the Supreme Court's finding based simply upon Ardra's uncorroborated claim of relative poverty and its attack upon the constitutionality of Insurance Law § 1213. However, approximately 40 States have enacted a similar law, one that has withstood repeated constitutional challenges on both due process and equal protection grounds (see, i.e., *Travelers Health Assn. v Virginia,* 339 US 643; *Trihedron Intl. Assur. v Superior Ct.,* 218 Cal App 3d 934, 267 Cal Rptr 418; *Zacharakis v Bunker Hill Mut. Ins. Co.,* 281 App Div 487).

Ardra voluntarily and, it must be presumed, knowingly accepted the mandates of Insurance Law § 1213 when it opted to do business in New York without procuring a license. The statute unambiguously gives the trial court the discretion to approve the amount of the undertaking. Defendant has demonstrated absolutely no facts to indicate that the court abused its discretion in arriving at the amount of the bond, and nothing in Insurance Law § 1213 necessitates a formal hearing. Ardra's position was heard and rejected by the Supreme Court, and there is no basis for this Court to substitute its own determination for that of the trial court.

Order of the Supreme Court, New York County (Karla Moskowitz, J.), entered on May 2, 1991, which directed that the answer of defendant Ardra Insurance Company, Ltd. be stricken unless it posted a bond or other security in the amount of $10,351,877.38 pursuant to Insurance Law § 1213 (c), should be affirmed, with costs and disbursements.

KUPFERMAN, J. (dissenting). The defendant-appellant contended that it was not able to post more than $1 million for security.

To require the application of Insurance Law § 1213 (c) and the posting of over $10 million means that the action cannot be defended and, therefore, there will be no determination on the merits.

The situation is analogous to *Texaco Inc. v Pennzoil Co.* (784 F2d 1133 [2d Cir], *revd on other grounds* 481 US 1), and constitutes a deprivation of due process.

Because constitutional issues should not be addressed when a decision can be reached for other reasons (see, *Matter of Syquia v Board of Educ.,* 80 NY2d 531), we should at least look at the calculation which led to the $10 million figure and direct a hearing as to how the liquidator arrived at that sum.

In the interim, the proffered $1 million should suffice and the answer be permitted to be filed.

ELLERIN and KASSAL, JJ., concur with MILONAS, J. P.; KUPFERMAN, J., dissents in a separate opinion.

Order of the Supreme Court, New York County, entered on May 2, 1991, which directed that the answer of defendant Ardra Insurance Company, Ltd. be stricken unless it posted a bond or other security in the amount of $10,351,877.38 pursuant to Insurance Law § 1213 (c), is affirmed, with costs and disbursements.