■ SALVATORE R. CURIALE, Superintendent of Insurance of the State of New York, as Liquidator of Nassau Insurance Company, Respondent, v ARDRA INSURANCE CO., LTD., Defendant, and RICHARD A. DiLORETO et al., Appellants. [608 NYS2d 464] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered September 16, 1993, which, *inter alia,* granted the plaintiff's motion pursuant to CPLR 3211 (b) to strike the first through third, fifth through tenth and seventeenth affirmative defenses asserted in the appellants' answer, unanimously affirmed, without costs.

The pertinent facts in the underlying action, brought by the plaintiff Superintendent of Insurance acting as liquidator of an insolvent insurance company, Nassau Insurance Company, to recover reinsurance proceeds exceeding $10 million allegedly due Nassau under reinsurance agreements from defendant Ardra Insurance Co., Ltd. ("Ardra"), a Bermudian reinsurer, and seeking to pierce Ardra's corporate veil so as to hold defendants Richard and Jeanne DiLoreto ("the DiLoretos"), who allegedly dominated and controlled Ardra, personally liable for the plaintiff's breach of contract claims as against Ardra, are set forth in *Curiale v Ardra Ins. Co.* (189 AD2d 217), wherein this Court affirmed a decision of the Supreme Court which directed that the answer of defendant Ardra be stricken unless it posted a bond or other security in

the amount of $10,351,877.38 pursuant to Insurance Law § 1213 (c).

The IAS Court properly determined that the default judgment as to liability rendered against corporate defendant Ardra for its admitted failure to post adequate security with the court as specifically required by New York Insurance Law § 1213 (c) precluded the DiLoretos, as principals of their alleged corporate alter ego, Ardra, from asserting as against the plaintiff Liquidator the aforementioned individual affirmative defenses which would, in effect, improperly permit the DiLoretos to relitigate corporate defendant Ardra's underlying contractual debt to the plaintiff (see, Curiale v Ardra Ins. Co., supra, at 221).

Having established its contract claims as against Ardra in the underlying action by default, the plaintiff Liquidator need only establish that the DiLoretos, who allegedly dominated and controlled Ardra for their own personal rather than corporate ends, had so abused the corporate form to the plaintiff's detriment as to warrant piercing the corporate veil to hold the DiLoretos personally liable for the corporate debt (see, Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 140).

Under the circumstances, the default judgment as against Ardra may be given collateral estoppel effect as against the DiLoretos, since, as this Court recognized, "Ardra voluntarily and, it must be presumed, knowingly accepted the mandates of Insurance Law § 1213 when it opted to do business in New York without procuring a license" (Curiale v Ardra Ins. Co., supra, at 221), and where the DiLoretos, as the alleged alter egos of Ardra, similarly had a full and fair opportunity to be heard and defend against the plaintiff's claims and presumably were able to reasonably anticipate the default consequences of Ardra's failure to comply with the bonding requirements of Insurance Law § 1213 (Kaufman v Eli Lilly & Co., 65 NY2d 449).

We have reviewed the appellants' remaining claims and find them to be without merit. Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Nardelli, JJ.