■ SALVATORE R. CURIALE, Superintendent of Insurance of the State of New York, as Liquidator of NASSAU INSURANCE COMPANY, Respondent, v ARDRA INSURANCE COMPANY, LTD., et al., Appellants. (And a Third-Party Action.) [621 NYS2d 315] —Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered May 17, 1994, in favor of plaintiff Salvatore R. Curiale, Superintendent of Insurance of the State of New York, as Liquidator of Nassau Insurance Company, and against Ardra Insurance Company, Ltd. ("Ardra") in the amount of $16,351,398.11, inclusive of costs and interest, unanimously affirmed, without costs.

Appeals from orders of the same court and Justice: (1) entered March 1, 1994, which granted plaintiff Liquidator's motion to confirm the January 28, 1994 Report of the Special

Referee, after inquest, which computed damages in the underlying action and adjudged that the plaintiff Liquidator have judgment against Ardra; (2) entered April 15, 1993, which denied Ardra's motion seeking to compel certain discovery prior to the inquest on damages; and (3) entered on and about March 8, 1993, which denied the motion by the DiLoretos for a further adjournment of the inquest in the underlying action, unanimously dismissed as subsumed by the appeal from the final judgment, without costs.

The pertinent facts in the underlying action, brought by the plaintiff Superintendent of Insurance, acting as Liquidator of an insolvent insurance company, Nassau Insurance Company ("Nassau"), seeking to recover reinsurance proceeds exceeding $10 million allegedly due Nassau under three reinsurance agreements from defendant Ardra, a Bermudian reinsurer, and also seeking to pierce the corporate veil of Ardra so as to hold the DiLoreto defendants, who allegedly dominated and controlled Ardra, personally liable for plaintiff Liquidator's breach of contract claims as against Ardra, are concisely set forth in *Curiale v Ardra Ins. Co.* (189 AD2d 217) and *Curiale v Ardra Ins. Co.* (202 AD2d 252).

The IAS Court properly denied Ardra pre-inquest discovery related to the payment of premiums allegedly necessary to contest the Liquidator's proof that the claims for which he sought reimbursement were covered by the reinsurance contracts sued upon and to contest the Liquidator's allegation of his performance under such contracts; *viz.,* proof of payment of premiums for each reinsurance treaty so as to limit the extent of Ardra's damages with respect to each contract, inasmuch as Ardra's default on liability established, as a matter of law, all elements of liability and all material allegations necessary to establish the Liquidator's causes of action for breach of contract.

Moreover, the record reveals that at the inquest the Liquidator offered affidavits of the Assistant Director of the Liquidation Bureau of the Department of Insurance and the former Treasurer of Nassau Insurance Company, as well as the Report of the Special Referee, which established that the claims listed on the Liquidator's Loss Schedule were, in fact, covered under the reinsurance treaties as to which Ardra defaulted and that the Liquidator had proven that all premiums due Ardra under the reinsurance treaties were paid to Ardra.

Nor, did the IAS Court abuse its discretion in denying the

DiLoretos a further adjournment of the scheduled inquest for an additional 60 days in order to permit their counsel to recover from spinal surgery, since the record reveals that any representation required by the DiLoretos in connection with the inquest was readily available from their attorney's associate counsel as well as from counsel for Ardra, and that the court's denial of the adjournment sought did not deprive the DiLoretos of their right to participate in the proceeding through counsel (cf., Schroeder v Musicor Record Corp., 49 AD2d 560). Concur—Ellerin, J. P., Kupferman, Williams and Tom, JJ.