■ In the Matter of the Liquidation of UNION INDEMNITY INSURANCE COMPANY OF NEW YORK. SALVATORE R. CURIALE, Superintendent of Insurance of the State of New York, as Liquidator, Appellant, v UNITED STATES OF AMERICA, Respondent. [627 NYS2d 655] —Upon vacatur by the United States Supreme Court (Curiale v United States, 509 US 901) of the prior order of this Court (170 AD2d 342, lv denied 78 NY2d 863), and remand to us for further consideration in light of Department of Treasury v Fabe (508 US 491), the order and judgment (one paper), of the Supreme Court, New York County (Ira Gammerman, J.), entered July 17, 1990, which denied the petition to allow the claim of the Internal Revenue Service in the sum of $137,245.18 as a general creditor and granted the United States a first priority to the assets of the insolvent insurer Union Indemnity for its claim, unanimously modified, on the law, to the extent of granting the petitioner Superintendent's application to allow the claim of the Internal Revenue Service equal priority with the claims of policyholders and granting priority to the costs and administrative expenses of the liquidation

over the claim of the Internal Revenue Service, and further granting the claim of the Internal Revenue Service priority over all other claims, including those of employees and other general creditors, and otherwise affirmed, without costs or disbursements.

We have previously held that "the liquidation provisions of the Insurance Law were enacted 'for the purpose of regulating the business of insurance' " (*Corcoran v Ardra Ins. Co.*, 156 AD2d 70, 73). The United States Supreme Court has, subsequently, held that a State may afford priority to the claims of policyholders and to the costs and expenses of administering a liquidation of an insurer, since these are related to the "business of insurance" inasmuch as they are aimed at protecting or regulating the performance of an insurance contract, and, thus, within the scope of the McCarran-Ferguson Act (15 USC § 1012; *Department of Treasury v Fabe*, 508 US 491, *supra*). However, claims of employees and all other creditors, may not be given priority over claims of the United States, because it would not serve "to ensure that, if possible, policyholders ultimately will receive payment on their claims" (508 US, at 506, *supra*). With these latter classes of debt, the Federal priority statute (31 USC § 3713) governs and the claims of the United States take precedence. As the United States Supreme Court decided: "We hold that the Ohio priority statute, to the extent that it regulates policyholders, is a law enacted for the purpose of regulating the business of insurance. To the extent that it is designed to further the interests of other creditors, however, it is not a law enacted for the purpose of regulating the business of insurance." (*Department of Treasury v Fabe*, 508 US, at 408, *supra*.)

The statutory scheme in New York differs from the law in Ohio. Article 74 of the Insurance Law establishes a complex regulatory and judicial system to deal with the liquidation of insolvent insurers. Thus, under this statute, the Internal Revenue Service claim is afforded the *same* priority as policyholders and other general creditors (*see*, Insurance Law §§ 7433-7434; *Allcity Ins. Co. [Kondak]*, 66 AD2d 531, 536, *lv dismissed in part and denied in part* 48 NY2d 629; *but see*, Insurance Law § 7435 [dealing with priority of distribution of claims from the estate of a life insurance company]). Administrative expenses, secured claims and certain wage claims have priority over those of the Internal Revenue Service (*see*, *ibid.*; *see also*, Insurance Law § 7426).

Accordingly, the administrative costs and expenses, as

provided in the New York law, shall be granted priority over the claims of the Internal Revenue Service. These claims of the United States shall have priority over all other claims, regardless of the priority set in the New York statute, except for the claims of policyholders, with which the Internal Revenue Service claim shall be afforded the same priority, since the record does not indicate that the insolvent insurer is a life insurance company. If this were the case, policyholders *would* receive priority pursuant to Insurance Law § 7435 and the holding in *Department of Treasury v Fabe (supra)*. Concur—Wallach, J. P., Kupferman, Ross and Asch, JJ. *[See,* 146 Misc 2d 558.]